**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO.  00-02912-CIV-SEITZ/WHITE

DANIEL LUGO,

            Petitioner,

v.

SECRETARY FOR DEPARTMENT
OF CORRECTIONS, WALTER McNEIL,

            Respondent.

_____/

## ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT

THIS CAUSE is before the Court on the Motion For Relief From Judgment [DE-25],

Motion To Proceed Pro Se [DE-28] and Motion To Remove [DE-29] both his prior counsel and

the Respondent's counsel.[1] Petitioner Daniel Lugo ("Lugo") moves for relief under Fed. R. Civ.

P. 60(b)(6) from the Court's dismissal over nine years ago of his Petition for a writ of habeas

corpus based on Petitioner's failure to exhaust state remedies.  Petitioner's Motion is untimely

under either the one-year statute of limitations for Rule 60(b) motions directed toward fraud or

newly discovered evidence, or under the "reasonable time" standard applicable to other Rule

60(b) motions.  As a result, Petitioner's Motion For Relief will be denied.

### 1.     Background Facts

On July 17, 1998, following a three-month jury trial in the Dade County Circuit Court,

thirty-nine convictions and sentences were entered against Lugo, including two counts of first

---

[1] Petitioner has always proceeded *pro se* in this action, making his requests to proceed *pro se* and remove counsel he had in different litigation moot.  The Court dismissed his original Petition before any counsel entered an appearance for Respondent.  Given the Court's ruling that Petitioner has failed to timely file his motion for relief under Rule 60(b)  by taking nearly nine years from the Court's dismissal of his original Petition, there can be no reason to remove the Respondent's counsel from these proceedings.

degree murder, arising out of the May 1995 abduction, attempted extortion and murders of two individuals, and the abduction extortion and attempted murder of another individual in late 1994. (DE-4, Report of Magistrate Judge at page 1); *Lugo v. Florida*, 845 So. 2d 74, 91 n.30 (Fla. 2003).  The sentences included two death sentences and five life sentences.  (Report of Magistrate Judge at page 1).  The Florida Supreme Court affirmed these convictions and sentences on February 20, 2003, and the Supreme Court of the United States denied certiorari review on October 6, 2003.  *Lugo v. Florida*, 845 So. 2d 74; *Lugo v. Florida*, 540 U.S. 920 (2003).  Lugo pursued post-conviction proceedings, raising many of the issues he addresses in the Motion before this Court, and the Florida Supreme Court, after addressing those issues denied his post-conviction appeal on October 8, 2008.  *Lugo v. State*, 2 So. 3d 1, 19-21 (Fla. 2008).

On August 7, 2000, over two years before his convictions and sentences were affirmed on direct appeal, Lugo filed a Petition for a writ of habeas corpus with this Court.  Therein, Lugo only challenged his convictions for attempted first degree murder, armed kidnapping, armed robbery, extortion and burglary of a dwelling, for which he averred he was subject to a sentence of life without parole.  Lugo raised seven challenges to the five convictions.[2]  On August 14, 2000, United States Magistrate Judge Sorrentino entered a Report and Recommendation ("R&R") dismissing the Petition for failure to exhaust administrative remedies because Petitioner's direct appeal was still pending.  This Court affirmed and adopted Judge Sorrentino's

---

[2] The Petition sought to set aside Lugo's convictions on the grounds that those convictions were based on or resulted from (1) evidence obtained pursuant to an unlawful arrest, (2) evidence obtained pursuant to an unconstitutional search and seizure, (3) denial of a fair trial, (4) a *Brady* violation, (5) violation of his 8th Amendment and 14th Amendment rights, and (6) an illegal police conspiracy to obtain an unlawful arrest.

R&R on November 22, 2000, and dismissed the Petition.[3]

On October 2, 2009, Petitioner filed a thirty-six page Motion pursuant to Fed. R. Civ. P. 60(b)(6) for relief from this Court's dismissal order. Though Lugo's submissions are lengthy and confusing, they can best be summarized to claim that (1) purportedly illegal conspiratorial actions taken between June 3 and June 8, 1995 by law enforcement in the United States and the Bahamas (where Lugo was captured in early June 1995) led to his arrest and convictions, and (2) other misconduct by law enforcement and prosecutorial authorities during and following his criminal trial[4], described under the moniker of "Federalized Anarchy," otherwise deprived him of an effective state forum. Toward the end of his Motion, Lugo claims that his original Petition should have proceeded under 28 U.S.C. § 2254(b)(1)(B)(ii), which allows a federal court to proceed to the merits of a petition for writ of habeas corpus if "circumstances exist that render [remedies available in State courts] ineffective to protect the rights of the applicant."

### 2.    Rule 60(b) Analysis

Rule 60(b) sets out six grounds for relief from a final judgment, order, or proceeding:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have

---

[3] Lugo subsequently filed at least two Petitions for writ of habeas corpus, one that was filed on April 15, 2003, assigned to District Judge Ursula Ungaro and dismissed on January 16, 2004 (Case No. 03-20902-CV-UNGARO-BENAGES, DE-34), the other filed on January 12, 2010 and assigned to District Judge Joan Lenard (Case No. 10-20098-CV-LENARD-WHITE-DE-1).

[4] Petitioner's Motion references state and federal proceedings in which the state and federal authorities brought actions to seize assets from Lugo and his criminal co-defendant, including over $1 million dollars from a Smith Barney account. (*See, e.g.,* 99-0418-cv-DLG, DE-1). It also references a civil action Lugo filed against the state prosecutor in his criminal case and the federal prosecutor in the forfeiture actions. (*See* Case Nos. 02-21640-cv-KMM, 02-20398-cv-KMM). All of these actions were resolved long ago.

> been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or
> misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an
> earlier judgment that has been reversed or vacated; or applying it prospectively is
> no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Any motion under Rule 60(b) must be made "within a reasonable time"

and no more than a year after entry of the judgment or order if made pursuant to subsections (1),

(2), or (3). Fed. R. Civ. P. 60(c)(1).

In discussing Rule 60(b)(6), the Eleventh Circuit has stated as follows:

> Relief under Rule 60(b)(6) "is an extraordinary remedy which may be invoked only upon
> a showing of exceptional circumstances," and that, "absent such relief, an extreme and
> unexpected hardship will result." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th
> Cir. 1984) (quotations omitted). Even under exceptional circumstances, the decision of
> "whether to grant the requested relief is a matter for the district court's sound discretion."
> *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1317 (11th Cir. 2000) (quotation and
> ellipsis omitted). "The appellant's burden on appeal is heavy." *Cano v. Baker*, 435 F.3d
> 1337, 1342 (11th Cir. 2006). The defendant "must demonstrate a justification so
> compelling that the [district] court was required to vacate its order." *Cavaliere v. Allstate
> Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993) (quotation omitted). Further, relief under
> Rule 60(b)(6) applies only to cases that do not fall into any of the other provisions of Rule
> 60(b). *United States v. Route 1, Box 111, Firetower Rd.*, 920 F.2d 788, 791 (11th Cir.
> 1991).

*Rease v. AT&T Corp.*, 356 Fed. Appx. 73, 75-76 (11th Cir. 2009). Because subsection (6) applies

only to cases that do not fall into any other provision of the Rule, a party may not avoid the time

limitation applicable to subsections (1), (2), and (3) by re-characterizing a motion properly

brought under one of those subsections as a motion brought pursuant to subsection (6). *Id.* at 76

(denying a motion brought under subsection (6) which was premised on the discovery of new

evidence because it should have been brought under subsection (2) and was time-barred under

that section); *U.S. v. Real Property & Residence Located at Route 1, Box 111, Firetower Rd.*, 920

F.2d 788, 791 (11th Cir. 1991). If a party were allowed to do so, the time limitation applicable to subsections (1), (2), and (3) would be meaningless. *Real Property*, 920 F.2d at 791.

Here, the gravamen of Lugo's Motion For Relief is the perpetration of a fraud by the government, allegedly based on evidence he discovered after the dismissal of his Petition that led this Court to improperly find that his Petition should be dismissed for failure to exhaust remedies in the state forum. Thus, this argument properly belongs under Rule 60(b)(2) or 60(b)(3), and is subject to a one-year statute of limitation from the denial of his Petition. *See Rease*, 356 Fed. Appx. at 76 (plaintiff "cannot rely on Rule 60(b)(6) to obtain relief on grounds that [defendant] and its attorneys perpetrated a fraud on the court or that there is new evidence, because a court considers claims premised on fraud or the existence of new discovered evidence under Rule 60(b)(3) and Rule 60(b)(2), respectively"). The Court would deny his Motion on this ground alone, as that one-year limitation period elapsed in 2001.[5]

However, even if Lugo's Motion were subject to Rule 60(b)(6)'s "reasonable time" limitation, Lugo's Motion would still be denied as he has made no showing why he should be allowed to file his Motion nearly nine years after entry of the Order from which he seeks relief, and the Court would deny his Motion on those grounds alone. *See, e.g., Soloman v. United States*, 300 Fed. Appx. 857, 858-59 (11th Cir. 2008) (Rule 60(b) motion on denial of §2255 complaint denied because plaintiff "failed to file his motion for relief within a reasonable time, and he did not provide any explanation for the delay"); *BUC Int'l Corp. v. International Yacht Council, Inc.*, 517 F.3d 1241, 1275 (11th Cir. 2008) (in deciding what is a "reasonable time" to

---

[5] Moreover, a cursory review of Lugo's post-conviction proceedings in state court and the multiplicity of other actions he has instigated over the last ten years demonstrate that he was aware of the evidence supporting his Motion For Relief long ago.

file a Rule 60(b) motion, the court "must consider the circumstances of each case to determine 'whether the parties have been prejudiced by the delay and whether a good reason has been presented for failing to take action sooner'"). Having carefully considered the Motions, it is hereby

ORDERED THAT

(1) The Motion For Relief From Judgment [DE-25] is DENIED.

(2) The Motion To Proceed Pro Se [DE-28] is DENIED as it is moot.

(3) The Motion To Remove Counsel [DE-29] is DENIED.

(4) The Motion For Hearing [DE-31] is DENIED.

(5) The Clerk of the Court is directed to change the name of the Defendant on the Court's docket to "Secretary for Department of Corrections, Walter McNeil."

DONE AND ORDERED in Miami, Florida, this _____ day of September, 2010.

_____
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:
Daniel Lugo, *pro se*
All Counsel of Record

file a Rule 60(b) motion, the court "must consider the circumstances of each case to determine 'whether the parties have been prejudiced by the delay and whether a good reason has been presented for failing to take action sooner'"). Having carefully considered the Motions, it is hereby

ORDERED THAT

(1) The Motion For Relief From Judgment [DE-25] is DENIED.

(2) The Motion To Proceed Pro Se [DE-28] is DENIED as it is moot.

(3) The Motion To Remove Counsel [DE-29] is DENIED.

(4) The Motion For Hearing [DE-31] is DENIED.

(5) The Clerk of the Court is directed to change the name of the Defendant on the Court's docket to "Secretary for Department of Corrections, Walter McNeil."

DONE AND ORDERED in Miami, Florida, this 22nd day of September, 2010.

_____
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:
Daniel Lugo, *pro se*
All Counsel of Record